**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| PHILIP HARRISON, | : | |
| | : | Bky. No. 14-17314 ELF |
| Debtor | : | |

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion to Reopen Bankruptcy Case (Doc. # 24), and the response thereto (Doc. # 26) filed by Insurance Company of North America ("ICNA"), and after a hearing, and after review of the parties' post-hearing submissions,

It is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The bankruptcy case is **REOPENED** for the purpose of allowing the Debtor to file an Amended Schedule F listing ICNA as a creditor.

3. The Amended Schedule F shall be filed **on or before April 10, 2015**.

4. On **April 24, 2015**, the Clerk shall **RE-CLOSE** this case (unless some additional docket activity has occurred).[1]

---

[1] The decision whether to reopen a bankruptcy case is within the broad discretion of the bankruptcy court. In re Zinchiak, 406 F.3d 214, 223 (3d Cir.2005); In re Otto, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004). In this case, the Debtor wishes to reopen the case to amend Schedule F to list an omitted schedule.

In Judd v. Wolfe, 78 F.3d 110, 116 (3d Cir. 1996), the Court of Appeals held that the bankruptcy court did not abuse its discretion in declining to reopen a case to allow an unlisted creditor to be scheduled because, based on the plain language of 11 U.S.C. §523(a)(3), the debt was discharged notwithstanding the omission from the schedules. However, the court remanded the matter to allow the

(continued...)

**Date: March 27, 2015**

ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE

---

[1](...continued)
bankruptcy court to consider whether "practical considerations" might warrant the exercise of the court's discretion in favor of reopening. 79 F.3d at 117.

In this case, ICNA, the omitted, objecting creditor, has not suggested that its claim is nondischargeable under §523(a)(3). In that respect, this case is on all fours with Judd. Therefore, for present purposes, I can assume that the Debtor's debt to ICNA has been discharged. But, under Judd, I also must consider whether "practical considerations" warrant the reopening of the case. I am persuaded that they do.

Reopening the case to permit the Debtor to schedule ICNA as a creditor will make it easier for him to demonstrate to the Pennsylvania Department of Transportation that the ICNA debt was discharged. This, in turn, likely will assist him in obtaining reinstatement of his motor vehicle driver's license, a benefit that is encompassed within fresh start that a bankruptcy discharge is intended to provide. See Henry v. Heyison, 4 B.R. 437, 440-41 (E.D. Pa. 1980). Thus, reopening the case will assist the Debtor in obtaining the full benefit of his bankruptcy discharge. See 11 U.S.C. §350 (case may be reopened to "accord relief to the debtor"). Consequently, I find it appropriate to exercise my discretion to permit the Debtor to reopen the case for this limited purpose.